## IN UNITED STATES DISTRICT COURT
## FOR NORTHERN DISTRICT OF ALABAMA
### Southern Division

| | |
|---|---|
| **MATTHEW TACKETT,** | ) |
| | ) |
| **Plaintiff.** | ) |
| | ) |
| vs. | ) Case No. 19-cv-_____-_____ |
| | ) |
| **ALABAMA PLUMBING CONTRACTOR** | ) |
| **LLC, BRENT VACARELLA,** | ) |
| **GREG JOHNSON and JOSH** | ) |
| **MARTIN** | ) |
| | ) |
| **Defendants.** | ) |

## COMPLAINT

### Jurisdiction and Venue

1.  The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, 1332, 1343(k), 29 USCA § 206, 207, 216, et seq., 29 U.S.C. § 1132 and/or by the provisions of 28 USCA § 1337, relating to any civil action or proceeding arising under any Act of Congress regulating commerce.

2.  This is a suit authorized and instituted pursuant to §§ 201- 219, et seq., as amended (29 USCA §§ 201-219) of the Fair Labor Standards Act (hereinafter "the FLSA" to recover unpaid wages, liquidated damages, attorney fees, pre-judgment interest, costs, expenses and all other damages that the Plaintiff is entitled to under the FLSA.

3.  The jurisdiction of this Court is invoked to secure protection for and to redress the deprivation of rights secured by the FLSA for injunctive and other compensatory relief.

4.  The Plaintiff is covered under the FLSA and Defendant Alabama Plumbing Contractor LLC (hereinafter "APC") is an employer covered under the FLSA in that APC conducted and operated a business which engages in activities which constitute interstate commerce as it has been defined under well-established federal law for decades. Specifically, APC is an Alabama LLC which utilizes goods and products which were manufactured and/or distributed from other states, has contracted with vendors, contractors and/or companies from other states and/or has otherwise engaged in numerous activities which constitute interstate commerce, communicated with

vendors and/or done business among and/or with companies, vendors, manufacturers outside of Alabama.

5. APC is a company which does commercial plumbing as a subcontractor and/or plumbing contractor for general contractors and/or companies in the state of Alabama and has its principal place of business in Shelby County, Alabama. Venue is proper in the United States Northern District Court of Alabama, Southern Division.

## Parties

6. The Plaintiff, Matthew Tackett (hereinafter "Tackett"), is an adult citizen of the United States and a resident of Shelby County, Alabama.

7. The Defendant, Alabama Plumbing Contractor LLC (APC) is an Alabama Limited Liability Company that is a plumbing contractor.

8. Based upon information and belief and a review of Alabama public records available on line, Defendant Brent Vacarella is one of the owners and members of APC. Charles Vacarella and Vicky Vacarella are also listed as members.

9. Brent Vacarella was and is involved in the day to day operations and management of APC and as such, is also an employer as defined by the FLSA. At this time, Tackett does not know if Charles and Vicky Vacarella had any knowledge of the acts and or omissions of APC so they have not been personally named as Defendants at this time.

10. Two other individuals, based on information and belief supplied by the Plaintiff, are also owners and/or members of APC, namely Greg Johnson and Josh Martin. Both Johnson and Martin were and are involved in the day to day operations and management of APC and as such, are also employers as defined by the FLSA.

11. Defendant Vacarella, Johnson and Martin exercised control of the Plaintiff and similarly situated employees by and through their decisions regarding compliance with the FLSA, the Portal to Portal Act and failing and/or refusing to pay the Plaintiff minimum wage and/or overtime for his travel time outside of the Birmingham metro area to and from jobsites and travel time from the Defendant's shop to and from jobsites.

### Facts

12. At all relevant times herein, Tackett was an employee as defined by the FLSA for his employer APC, Vacarella, Johnson and Martin. (hereinafter the "Defendants" when used collectively).

13. Tackett worked as a plumber for the Defendants at all relevant times herein and was an employee for approximately five (5) years before he resigned in 2019.

14. Tackett was classified as a "non-exempt" employees pursuant to the FLSA and was paid by the hour.

15. At all relevant times herein up until March 2019, the Defendants had a strict policy that Tackett was required to pick up the company plumbing truck from the Defendants' shop located in Shelby County and to return the trucks back to the shop at the end of the day.

16. If extenuating and/or special circumstances existed due to Tackett working really late or having to be at the jobsite really early the next day, there were exceptions to this policy/rule and Tackett would notify APC and the Defendants that he would be driving the truck home for the night rather than taking the truck back to the shop.

17. The plumbing trucks contained all of Tackett's tools and parts and the trucks were needed in order to do his job at various jobsites.

18. The Defendants failed and/or refused to pay for the time for Tackett to drive from the shop to the jobsites in the morning and from the jobsites at the end of the day back to the shop.

19. Many of the jobs that Tackett was required to drive to and/or from were located well outside the Birmingham metro area and Tackett was not paid minimum wage and/or overtime for his travel time.

20. Tackett worked an average of 10 hours per week and sometimes 12 to 14 hours per week when her worked on weekends driving to and/or from the Defendants' shop to and/or from jobsites both within and outside the greater Birmingham area for which the Defendants failed and/or refused to pay minimum wage and/or overtime if Tachett's hours exceeded 40 hours per week.

21. Defendants Vacarella, Johnson and Martin knew and/or should have known based on the Code of Federal Regulations and 11th Circuit case law that the since the plumbers were required to pick up

and drop off their trucks at the beginning and end of the work day were required, Tackett was required under the FLSA to be paid for his time traveling to and/or from the shop and the jobsites and/or from his home to other jobsites outside of the Birmingham metro area.

22. The Defendants all had actual knowledge that the timesheets submitted by Tackett did not include Tackett's travel time to and from the shop and jobsites and even told Tackett that APC was not required to pay Tackett for this time. Vacarella even told Tackett that APC was his company and he could do what he wanted to do.

### Count I: Fair Labor Standards Act Violations

23. The Plaintiff incorporates by reference the preceding allegations of this Complaint.

24. As detailed in the above statements of facts, Tackett worked in excess of forty hours per week and was not paid overtime pursuant to the FLSA and/or was not paid minimum wage for travel time in the company trucks to and/or from the shop and jobsites and/or for traveling to remote distances in his own vehicles and/or company trucks which were outside the general commuting area of the Defendants' shop and not subject to the Portal to Portal Act commuting exceptions..

25. The Defendants knew that Tackett was not even getting paid minimum wage for these hours, their agreed upon contractual amount and/or overtime for travel time in the company trucks to and/or from the Defendants' shop and jobsites or for Tackett's travel time outside the greater metro Birmingham area.

26. The Defendant is liable under the FLSA to pay Tackett for the agreed upon hourly rate and/or minimum wage and/or at the rate of 1.5 times the customary hourly rate for the hours that Tackett worked in excess of 40 hours per week.

27. As set out above in the statement of facts, APC and the other Defendants had actual knowledge that APC was not paying Tackett for his travel time to and/or from the shop and jobsites in company trucks and the Defendants conduct in failing to pay Tackett was willful.

28. As a result of the Defendants' willful conduct, Tackett is due to be paid liquidated damages by the Defendants.

### Prayer for Relief

WHEREFORE, PREMISES CONSIDERED, Tackett requests this Court to assume jurisdiction of this matter and award Tackett requests the following damages and relief:

A. Grant Tackett an order requiring the Defendants to make Tackett whole by granting any and all relief available under the FLSA, other federal and/or state law, whether specifically pled or not, and including, but not limited to: injunctive relief, appropriate declaratory relief, back pay, compensatory damages, liquidated damages, pre-judgment interest, damages, etc.

B. Grant Tackett a permanent injunction enjoining the Defendants, their agents, successors, employees, attorneys and those acting in concert with Defendants from continuing to violate the FLSA;

C. Award Tackett attorney's fees, costs and expenses.

D. Tackett prays for such other, further or different relief as justice may require and/or which he is entitled to under either federal and/or state laws, whether specifically pled or not.

**PLAINTIFF DEMANDS A TRIAL BY JURY**

/s/ Scott Harwell
Scott Harwell (HAR198)
Counsel for the Plaintiff

**OF COUNSEL:**
HARWELL LAW FIRM LLC
109 Foothills Parkway #112
Chelsea, AL 35043
(205) 999-1099
Scott@HarwellLaw.com

**Opposing counsel for APC has agreed to accept service**