## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| MATTHEW TACKETT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: 2:19-cv-02005-JHE |
| | ) | |
| ALABAMA PLUMBING CONTRACTOR | ) | |
| LLC, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION[1]

Plaintiff Matthew Tackett ("Tackett" or "Plaintiff") and Defendants Alabama Plumbing

Contractor, LLC ("APC"), Brent Vacarella ("Vacarella"), Greg Johnson ("Johnson"), and Josh

Martin ("Martin," and, together with the other defendants, "Defendants") have jointly requested

approval of their settlement agreement, which represents the resolution of a disputed matter under

the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA").  (Docs. 4).  For the reasons set

forth below, the court approves the parties' settlement.

### I. Background Facts

Tackett filed this action on December 11, 2019, asserting a single FLSA count.  (Doc. 1).

Specifically, Tackett states he was employed as a plumber by APC, a plumbing contractor, for

approximately five years.  (*Id.* at ¶ 7, 12-13).  According to the complaint, Vacarella, Johnson, and

Martin are all members of APC and are involved with its day-to-day operations and management.

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c) and Federal Rule of Civil
Procedure 73, the parties have voluntarily consented to have a United States Magistrate Judge
conduct any and all proceedings, including trial and the entry of final judgment.  (Doc. 7).

(*Id.* at ¶¶ 8-10). Tackett says he was classified as non-exempt and paid by the hour. (*Id.* at ¶ 14).

Tackett alleges he was required by APC policy to pick up the company's plumbing truck from its

shop and return the truck back to the stop at the end of the day. (*Id.* at ¶ 15). If Tackett worked

late or needed to be at a jobsite early the next morning, Tackett would take the truck home rather

than take it back to the shop. (*Id.* at ¶ 16). Tackett says Defendants failed to pay him minimum

wage or overtime for driving the truck from the shop or to the jobsite, which averaged 10 hours

per week. (*Id.* at ¶ 18-20).

Defendants have not yet answered the complaint, but have entered into a settlement

agreement with Tackett. (Doc. 4-1). Under the settlement agreement, Tackett receives $22,614.32

in wages and $19,314.31 in liquidated damages. (*Id.* at 1). Tackett's counsel receives $23,071.37

in attorney fees. (*Id.*).

The parties have also executed a general release, under which Tackett releases "any and all

claims, known and unknown, asserted or unasserted, which [he] has or may have against

[Defendants] as of the date of the execution of [the release], including, but not limited to, any

alleged violation of" a number of employment-related statutes.[2] (*Id.* at 6-7). In turn, Defendants

release Tackett from "any and all claims, whether civil claims or equitable claims arising under

the laws of the United States, Alabama, any other state and/or any other country. (*Id.* at 7). In

consideration of executing this release, Tackett receives $3,300.00 and Tackett's counsel receives

$1,700.00. (*Id.* at 6).

---

[2] The release exempts some claims, such as worker's compensation and unemployment claims. (*Id.*).

## II. Analysis

If an employee proves his employer violated the FLSA, the employer must remit to the employee all unpaid wages or compensation, liquidated damages in an amount equal to the unpaid wages, a reasonable attorney's fee, and costs. 29 U.S.C. § 216(b). "FLSA provisions are mandatory; the 'provisions are not subject to negotiation or bargaining between employer and employee.'" *Silva v. Miller*, 307 Fed. Appx. 349, 351 (11th Cir. 2009) (quoting *Lynn's Food Stores, Inc. v. U.S. Dep't of Labor*, 679 F.2d 1350, 1352 (11th Cir. 1982)). "Any amount due that is not in dispute must be paid unequivocally; employers may not extract valuable concessions in return for payment that is indisputably owed under the FLSA." *Hogan v. Allstate Beverage Co., Inc.*, 821 F. Supp. 2d 1274, 1282 (M.D. Ala. 2011). Consequently, parties may settle an FLSA claim for unpaid wages only if there is a bona fide dispute relating to a material issue concerning the claim.

In *Lynn's Food Stores, Inc. v. United Stat*es, 679 F.2d 1350, 1355 (11th Cir. 1982), the Eleventh Circuit stated there is only one context in which compromises of FLSA back wage claims may be allowed: a stipulated judgment entered by a court which has determined that a settlement proposed by an employer and employees, in a suit brought by the employees under the FLSA, is a fair and reasonable resolution of a bona fide dispute over FLSA provisions. The primary focus of a court's inquiry in determining whether to approve an FLSA settlement is to ensure that an employer does not take advantage of its employees in settling their claim for wages and other damages due under the statute. *Collins v. Sanderson Farms, Inc.*, 568 F. Supp. 714, 719 (E.D. La. 2008).

Having reviewed the parties' motion and the settlement agreement, the undersigned finds that they have reached a fair and reasonable resolution of a bona fide dispute. Although

Defendants have not answered the complaint, the motion reflects that they "deny that Plaintiff is owed unpaid wages, liquidated damages, attorneys' fees, or any other relief" and have agreed to settle to avoid the expense of defending the lawsuit. (Doc. 4 at 5). The parties further represent to the court that they achieved the settlement agreement through arms-length negotiation. (*Id.*). The undersigned notes that all parties are represented by counsel. Additionally, the settlement amount is not inconsistent with a back-of-the-envelope estimation of the value of Tackett's claims, as articulated in the complaint.[3] And, finally, Tackett's attorneys' fees for the wage portion of his claim were separately negotiated so as not to affect his recovery. "Where the attorney's fee was agreed upon separately, without regard to the amount paid to the plaintiff, then 'unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel.'" *Davis v. The Filta Group, Inc.*, 2010 WL 3958701, *2 (M.D. Fla. Sept. 20, 2010) (quoting *Bonetti v. Embarq Mgmt. Co.*, 2009 WL 2371407, *5 (M.D. Fla. Aug. 4, 2009)). Therefore, the undersigned finds the attorneys' fees are reasonable.[4]

---

[3] Assuming ten hours of unpaid minimum wage per week for every week in a five-year period, Tackett would recover $18,850.00 in unpaid wages. That is less than his recovery under the settlement agreement for wages, although the settlement amount presumably also includes overtime pay for some weeks.

[4] In their motion, the parties indicate that Tackett's counsel operated under a contingency fee arrangement and will receive 35% of the overall settlement amount after deducting expenses. (Doc. 4 at 5). Although contingency fee arrangements are disfavored in the Eleventh Circuit in FLSA wage actions, *see Silva v. Miller,* 307 F. App'x 349, 351 (11th Cir. 2009), the undersigned accepts the parties' stipulation that the fees were negotiated separately from Tackett's recovery and finds that neither the presence at the outset of a contingency fee arrangement nor the expression of attorney fees as a percentage of Tackett's recovery imply that Tackett's recovery was diminished by the fee arrangement.

The only other potential issue presented by the parties' settlement agreement is the general release. An employer may not "use an FLSA claim (a matter arising from the employer's failing to comply with the FLSA) to leverage a release from liability unconnected to the FLSA." *Moreno v. Regions Bank*, 729 F. Supp. 2d 1346, 1351 (M.D. Fla. 2010). However, the general release in this case is not "a gratuitous . . . release of all claims in exchange for money unconditionally owed to the employee," *id.*, for two reasons. First, Tackett receives separate consideration "in addition to the consideration paid to [him] in the FLSA Settlement Agreement" for executing the general release, (*see* doc. 4-1 at 6), so the release was not obtained in exchange for money due to Tackett under the FLSA. Second, the release in this case is mutual, (*see id.* at 7), strongly implying that it was not simply leveraged out of Tackett's FLSA claims. With both of these facts in mind, the undersigned finds the general release is not inconsistent with the FLSA. Therefore, the settlement is approved.

### III. Conclusion

The court finds Plaintiff's FLSA wage claim represents a bona fide dispute over FLSA provisions and the parties' monetary settlement is a fair and reasonable resolution of that bona fide disputes. Therefore, the parties' motion for settlement approval, (doc. 4), is **GRANTED**, and the revised settlement agreement is **APPROVED**. A separate order will be entered.

DONE this 18th day of December, 2019.

_____
**JOHN H. ENGLAND, III**
UNITED STATES MAGISTRATE JUDGE